### BANK OF COMMERCE *v.* BLAND.

Opinion delivered June 26, 1897.

ASSIGNMENT FOR CREDITORS—PREFERENCE.—An assignment for the benefit of creditors which prefers certain of the creditors according to classes, and provides that members of the first class shall be paid in full, means that all of such class shall share equally in each distribution, and not in the order in which they are named. (Page 227.)

Appeal from Prairie Circuit Court in Chancery, Southern District.

JAMES P. ROBERTS, Special Judge.

*Morris M. Cohn,* for appellant.

*Dodge & Johnson,* and *Carroll & Pemberton,* for appellee

BUNN, C. J. W. H. Bland made an assignment for the benefit of his creditors, making preferences, by name, of his creditors, arranged in three several classes. N. W. Cox, as administrator of the estate of N. G. Hewitt, D. G. Thome, W. W. Stewart, J. C. Williams and J. G. Thweatt were named in

the first class, and this first clause closed in these words: "All of which said above described claims are to be paid in full."

The second clause or classification reads: "He, the said party of the second part (the assignee), shall (having paid the claims above described) pay off and discharge the debts due and owing by him to R. A. Bland, as follows [it then describes the notes in suit], and also shall pay the notes due the Bank of Commerce, and various other claims, naming them. And, third, the said party of the second part (having paid the claims aforesaid and above described) shall pay off and discharge various other claims;" and finally provides for the payment of the remainder.

In the course of the administration of the assignment, the chancery court of Prairie county, in which the same was pending, made an order subrogating the Bank of Commerce to the rights of Thorne, which seems to have been acquiesced in by all parties.

Subsequently, on the report of the receiver reporting funds in his hands amounting to $2,153.70, the court made an order of distribution, in which Thorne's claim was left out, over the objection of the Bank of Commerce, which had been substituted for him.

Appellee objects that the clerk's certificate thereto shows that all the proceedings are not set out in the transcript, and that therefore the order and decree of the court should be sustained, since we cannot know but that other evidence and pleadings, not contained in the transcript, sustained the decree, or are presumed to be such as it would justify it.

Without laying down any additional rule, it is sufficient to say, as regards this particular case, that the transcript contains the copy of the assignment, the order subrogating the bank to the rights of Thorne, and the court's order of distribution, which last was expressly made on the theory that the creditors named in the first class were themselves to be paid in the order in which they are individually in that class. This was error, and it needs no other part of the record to show us just exactly the error. Our construction of the language of the assignment is that all the creditors of each class are to be considered on an

equality, and must be paid at once *pro rata*, and not in the order in which they are individually named in that class.

The sum to be distributed is shown to have been $2,153.71, from which deduct the cost and expenses of the administration of the assignment, and then the amount distributed to Cox, the administrator of Hewitt, and the remainder was but a small amount, not equal to the distributive share of Thome. It is manifest that Thome's claim should have been paid *pro rata* with Cox's out of the amount to be distributed. Nor does it alter the case, as was suggested by appellee, that other amounts were yet, to come into the hands of the receiver. Thome was entitled to his share of each distribution, and that share enured to the bank.

Reversed, and remanded for further proceedings not inconsistent herewith.

Absent WOOD, J.